IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT L. BOYD, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:21-CV-95-Z-BR |
| CANADIAN INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY AS MOOT DEFENDANT'S MOTION TO DISMISS**

This case was referred to the undersigned United States Magistrate Judge by United States District Judge Matthew J. Kacsmaryk for pretrial management under 28 U.S.C. § 636(b).

**I. BACKGROUND**

On May 21, 2021, Plaintiff Robert L. Boyd, acting *pro se*, filed a Complaint alleging wrongful termination based on sexual discrimination, disparate treatment, and violations of his right to free speech. (ECF 3). Defendant Canadian Independent School District filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 12, 2021. (ECF 13).

On September 27, 2021, the Court ordered Plaintiff to file an amended complaint to consolidate the factual allegations and legal arguments Plaintiff raised in his Complaint (ECF 3), Questionnaire with attached written documentation (ECF 8), and Motion to Retain Case on Docket and Notice of Hearing (ECF 18). (ECF 26 at 1); *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court must liberally construe pleadings filed by *pro se* litigants.). Plaintiff filed an Amended Complaint on October 7, 2021. (ECF 27). Defendant filed a Motion to Dismiss Amended Complaint on October 21, 2021. (ECF 28).

## II. ANALYSIS AND RECOMMENDATION

Plaintiff's Amended Complaint renders his original Complaint of no legal effect, because the Amended Complaint does not refer to, adopt, or incorporate by reference the original Complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

An amended complaint generally, but not always, renders pending motions moot. *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012); *see, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *but see, e.g., New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) ("[A] motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint.").

The Court need not determine whether Defendant's first motion to dismiss (ECF 13) should apply to Plaintiff's Amended Complaint (ECF 27), because Defendant filed a new motion to dismiss (ECF 28) directly addressing the Amended Complaint.[1] *See Delgado v. S. Tire Mart, LLC*, No. SA–16–CA–01137–FB, 2017 WL 7805759, at *1 (W.D. Tex. Sept. 22, 2017) (denying as moot the defendant's original motion to dismiss when an amended complaint and motion to dismiss amended complaint were subsequently filed).

---

[1] By filing its Motion to Dismiss Amended Complaint, which contains modified and updated arguments that attack Plaintiff's Amended Complaint, Defendant seemingly agrees the first motion to dismiss is moot. (*See* ECF 28; ECF 29).

Accordingly, it is the RECOMMENDATION of the United States Magistrate Judge that the United States District Judge DENY AS MOOT Defendant's Motion to Dismiss (ECF 13).

## III.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 25, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).